B 104
3/87

# ADVERSARY PROCEEDING COVER SHEET
(Instructions on Reverse)

**ADVERSARY PROCEEDING NUMBER** (Court Use Only)

**PLAINTIFF(S)**

JOSEPH B. COLLINS, Trustee in Bankruptcy of
Donna L. Cooper

**DEFENDANT(S)**

DONNA L. COOPER

**ATTORNEY(S)** (Firm Name, Address, and Telephone No.)

Joseph B. Collins, Esq.
HENDEL & COLLINS, P.C.
101 State Street
Springfield, MA 01103

**ATTORNEY(S)** (If Known)

David L. Brunelle, Jr., Esq.
LAW OFFICES OF DAVID BRUNELLE, P.C.
318 Newton Street
South Hadley, MA 01075

**PARTY** (Check one box only)    ( ) 1 U.S. PLAINTIFF    ( ) 2 U.S. DEFENDANT    (X) 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Objection to Discharge; 11 U.S.C. § 727

## NATURE OF SUIT
(Check the one most appropriate box only.)

| | | | | | |
|---|---|---|---|---|---|
| ( ) 454 | To Recover Money or Property | ( ) 455 | To revoke an order of confirmation of a Chap. 11 or Chap. 13 Plan | ( ) 456 | To obtain a declaratory judgment relating to any of foregoing causes of action |
| ( ) 435 | To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property | ( ) 426 | To determine the dischargeability of a debt 11 U.S.C. §523 | ( ) 459 | To determine a claim or cause of action removed to a bankruptcy court |
| ( ) 458 | To obtain approval for the sale of both the interest of the estate and of a co-owner in property | ( ) 434 | To obtain an injunction or other equitable relief | ( ) 498 | Other (specify) |
| (X) 424 | To object to or revoke a discharge 11 U.S.C. §727 | ( ) 457 | To subordinate any allowed claim or interest except where such | | |

**ORIGIN OF PROCEEDINGS** (Check one box only.)

(X) 1 Original Proceeding
( ) 2 Removed Proceeding
( ) 3 Transferred to Another Bankruptcy Court
( ) 4 Reinstated or Reopened

( ) CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND** N/A    **NEAREST THOUSAND** $ N/A    **OTHER RELIEF SOUGHT** Denial of Debtor's Discharge    ( ) JURY DEMAND

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

**NAME OF DEBTOR**
DONNA L. COOPER

**BANKRUPTCY CASE NO.**
09-30152-HJB

**DISTRICT IN WHICH CASE IS PENDING**
Massachusetts (Western)

**DIVISIONAL OFFICE**
Springfield

**NAME OF JUDGE**
Henry J. Boroff

## RELATED ADVERSARY PROCEEDING (IF ANY)

**PLAINTIFF**

**DEFENDANT**

**ADVERSARY PROCEEDING NO.**

**DISTRICT**

**DIVISIONAL OFFICE**

**NAME OF JUDGE**

**FILING FEE** (Check one box only)    (X) FEE ATTACHED - $250.00    ( ) FEE NOT REQUIRED    ( ) FEE IS DEFERRED

**DATE**
September 14, 2009

**PRINT NAME OF ATTORNEY**
Joseph B. Collins

**SIGNATURE OF ATTORNEY**
/s/ J.B.C.

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br><br>DONNA L. COOPER<br><br>                Debtor | Chapter 7, No. 09-30152-HJB |
| JOSEPH B. COLLINS,<br> TRUSTEE IN BANKRUPTCY OF<br> DONNA L. COOPER<br><br>                Plaintiff<br><br>                v.<br><br>DONNA L. COOPER<br><br>                Defendant | Adversary Proceeding No. |

**COMPLAINT**

**Jurisdictional, Venue, and Procedural Allegations**

1.   This is an Adversary Proceeding brought pursuant to 11 U.S.C. § 727 and the Federal Rules of Bankruptcy Procedure, R. 7001 et seq., seeking to deny the Debtor a Discharge in bankruptcy.

2.   This Court has jurisdiction over the instant Adversary Proceeding pursuant to 28 U.S.C. § 157, which confers upon bankruptcy courts jurisdiction over proceedings arising under Title 11 of the United States Code ("Bankruptcy Code") and over civil proceedings arising in or related to cases under the

Bankruptcy Code; this proceeding may be commenced and prosecuted in this Bankruptcy Court in which the underlying Chapter 7 case is pending.

3. This Court has the authority to deny the Debtor a Discharge pursuant to 11 U.S.C. § 727.

4. This Court has the equitable power to issue Orders that are necessary and appropriate to carry out the provisions of the Bankruptcy Code pursuant to 11 U.S.C. § 105(a).

5. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

### Parties

6. The Plaintiff, JOSEPH B. COLLINS, TRUSTEE IN BANKRUPTCY OF DONNA L. COOPER ("Plaintiff"), is the duly appointed, qualified, and acting Trustee in Bankruptcy in the underlying Chapter 7 case and has a usual place of business at 101 State Street, Springfield, Massachusetts.

7. The Defendant, DONNA L. COOPER ("Debtor"), is an individual residing at 53 Dresser Avenue, Chicopee, Massachusetts.

### Factual Allegations

8. On February 8, 2009 ("Petition Date"), the Debtor filed a Voluntary Petition pursuant to the provisions of Chapter 7 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Massachusetts ("Court").

9. On February 9, 2009, the Plaintiff accepted an appointment as the Debtor's Chapter 7 Trustee.

10. On the Petition Date, the Debtor filed with the Court a Voluntary Petition, Schedules of Assets and Liabilities, a Statement of Financial Affairs and related documents (collectively, the "Schedules").

11. The Schedules include a Declaration by the Debtor, signed under the pains and penalties of perjury, that they were true and correct to the best of her knowledge, information and belief.

12. The Schedules do not disclose that the Debtor has an interest in, or income from, any trust.

13. On Schedule B, and in response to Question 19 inquiring as to whether the Debtor has any interest in any trust, the Debtor answered: "NONE".

14. On Schedule I, and in response to a series of questions inquiring as to whether the Debtor has any income from real estate, interest, dividends or other income, the Debtor did not disclose any income from any trust.

15. On the Statement of Financial Affairs, and in response to Question 2 inquiring as to whether the Debtor had any income other than from employment, trade, profession, of operation of a business during the two years immediately before the Petition Date, the Debtor did not disclose any income from any trust.

16. The Debtor is a beneficiary of the Neola Fuqua Sprang Trust ("Sprang Trust"). A redacted copy of the August 7, 1975 Order of the Superior Court of the State of California creating the Sprang Trust is annexed hereto as Exhibit "A".

17. Bank of America, N.A. is the trustee of the Sprang Trust.

18. The principal asset of the Sprang Trust is an unencumbered parcel of commercial real estate located at 6400-6412 Lankershim Boulevard, North Hollywood, California; and further, a Statement issued by Bank of America, N.A., states that the value of the Sprang Trust assets as of June 30, 2009, was $1,233,675.65.

19. The relevant terms of the Sprang Trust may be summarized as follows:

(a) The Debtor is presently receiving one-eighth (1/8) of the income generated by the Sprang Trust until the death of the her Mother; and

(b) Upon the death of the Debtor's Mother, the Sprang Trust is to terminate and the Debtor is to receive one-quarter (1/4) of the proceeds from the liquidation of the trust estate.

20. Upon information and belief, the Debtor's Mother's age is 84.

21. Prior to the Petition Date, Bank of America, N.A. mailed Quarterly Statements to the Debtor indicating the value of the Sprang Trust.

22. Prior to the Petition Date, Bank of America, N.A. paid irregular income distributions to the Debtor from the Sprang Trust.

23. Upon information and belief, the income distributions paid to the Debtor by Bank of America, N.A. on account of the Sprang Trust for calendar years 2007 and 2008 were $2,657.00 and $3,852.29, respectively.

24. On the Petition Date, the Debtor had actual knowledge of her interest in, and income from, the Sprang Trust.

### COUNT I – Objection to Discharge
### (Section 727(a)(2) – Concealment of Property of the Estate)

25. The Plaintiff repeats and realleges the allegations made in Paragraphs 1 through 24 with the same force and effect as if fully detailed herein.

26. The Debtor, with intent to hinder, delay, or defraud, has concealed her interest in, and her income from, the Sprang Trust, all of which constitute property of her Bankruptcy Estate.

### COUNT II – Objection to Discharge
### (Section 727(a)(3) – Concealment or Failure
### to Keep Books and Records)

5

27. The Plaintiff repeats and realleges the allegations made in Paragraphs 1 through 26 with the same force and effect as if fully detailed herein.

28. The Debtor has concealed or failed to keep or preserve recorded information, including books, documents, records, and papers, from which the Debtor's financial condition or business transactions might be ascertained. Specifically, she has failed to produce records relating to, without limitation, the nature and existence of the Sprang Trust, her interest in the Sprang Trust, her income from the Sprang Trust and the value of the Sprang Trust.

29. The Plaintiff says that the Debtor's concealment or failure to keep or preserve such recorded information was not justified under all of the circumstances of the Debtor's bankruptcy case.

### Count III – Objection to Discharge
### (Section 727(a)(4) – False Oath; Withholding Records)

30. The Plaintiff repeats and realleges the allegations made in Paragraphs 1 through 29 with the same force and effect as if fully detailed herein.

31. The Debtor knowingly and fraudulently, in connection with the case, made a series of false oaths in the Schedules.

32. The Debtor withheld from the Plaintiff recorded documents relating to her property or financial affairs.

WHEREFORE, the Trustee prays for the following relief:

1. Under all Counts, a Judgment denying the Debtor a Discharge in bankruptcy; and

2. Such other and further relief as is just and proper.

JOSEPH B. COLLINS, TRUSTEE IN
BANKRUPTCY OF DONNA L. COOPER

Dated: September 14, 2009

By: /s/ Joseph B. Collins
JOSEPH B. COLLINS, ESQ.
(BBO No. 092660)
For HENDEL & COLLINS, P.C.
101 State Street
Springfield, MA 01103
Tel. (413) 734-6411
jcollins@hendelcollins.com

Documents File
01-2-13114-0

EXHIBIT A

LAW OFFICES
GEORGE I. DEVOR
9570 Wilshire Boulevard, Suite 368
Beverly Hills, California 90212
275-6822   -   878-0141

Attorney for   Petitioner

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

In the Matter of the Estate of ) NO. P 604 562
) ORDER SETTLING FIRST ACCOUNT CUR-
) RENT OF EXECUTOR, APPROVING SALE
NEOLA FUQUA SPRANG, ) OF DEPRECIATING PERSONAL PROPERTY,
) FOR PARTIAL ALLOWANCE OF STATUTORY
) FEES AND COMMISSIONS AND FOR
) PRELIMINARY DISTRIBUTION
Deceased. )
)

The First Account Current of Executor and Petition for Its Settlement, Petition for Approval of Sale of Depreciating Personal Property, for Partial Allowance of Statutory Fees and Commissions and for Preliminary Distribution of SECURITY PACIFIC NATIONAL BANK, a national banking association, as Executor of the Will of the above-named decedent, came on regularly to be heard in Department 11 of the above-entitled Court, the HONORABLE DAVID N. EAGLESON, Judge presiding, on July 23, 1975.

1. Due and legal notice of the hearing of the petition and of the settlement of the account has been regularly given for the period and in the manner required by law.

2. The account and report of the Executor is full, true and correct, and all the allegations of the petition for its settlement are true.

///

3. The account should be settled, allowed and approved as filed and all the acts and transactions of the Executor relating to the matters set forth in it should be ratified, confirmed and approved.

4. Notice to creditors has been published for the period and in the manner prescribed by law. Within thirty days after completion of publication of notice to creditors there was filed with the Clerk of this Court an affidavit showing due publication of notice to creditors in the manner and form required by law.

5. More than six months have elapsed since the issuance of Letters Testamentary in this estate and since the first publication of notice to creditors, and the time for filing or presenting claims has expired.

6. All claims against the estate have been paid.

7. The estate is but little indebted.

8. The California Inheritance Tax has not yet been determined by this Court, but the sum of $5,000.00 has been paid on account of the tax, as evidenced by the receipt of the Treasurer of the County of Los Angeles, State of California on file herein. The written consent of the State Controller has been given to the distribution hereafter made.

9. A Federal Estate Tax Return has been filed for this estate and the tax there shown to be due has been paid. The return has not yet been audited.

10. The sale of the United States $5.00 Silver Certificate and the sale of $10.00 United States Currency to ▓▓▓▓▓ ▓▓▓▓▓ for the sum of $18.00 cash was legally made, fairly conducted and for the best interest, advantage and benefit of the estate and those interested therein. Said sale should be approved as a sale of depreciating personal property.

///

-2-

11. Although the estate is not now in a condition to be closed, there may be distributed at this time, without loss to the creditors or injury to the estate or any person interested in it, the property described below in accordance with the decedent's Will.

12. The distribution may be made without requiring the distributee here named to execute a bond payable to the Executor.

IT IS ORDERED AND ADJUDGED that:

1. The first account of SECURITY PACIFIC NATIONAL BANK, a national banking association, as Executor of the Will of the above-named decedent is settled, allowed and approved as filed, and all acts and transactions relating to the matters in that account and report set forth are ratified, confirmed and approved;

2. There is allowed to ~~[redacted]~~, attorney for the Executor, the sum of $5,000.00 on account of his statutory fees;

3. There is allowed to SECURITY PACIFIC NATIONAL BANK, a national banking association, as Executor of the Will of the above-named decedent, the sum of $5,000.00 on account of its statutory compensation;

4. The sale of the depreciating property is approved;

5. There is hereby distributed to SECURITY PACIFIC NATIONAL BANK, a national banking association, in trust, the following described property:

    (a) Cash in the amount of $40,000.00, of which $18,696.19 thereof is distributable to said Trustee as income cash. (Pursuant to Probate Code §162.5 the net income during probate to April 3, 1975, the ending date of the First Account Current, is $18,696.19.)

    (b) 150 shares of Amerada Hess Corporation, $3.50 cumulative preferred stock, $1.00 par.

-3-

(c) 67 shares of Bankamerica Corporation.

(d) 300 shares of Citicorp.

(e) 1,500 shares of Union Oil Company of California.

(f) $36,000.00 first trust deed note by Rosa Rehr dated October 20, 1966, payable at $280.00 or more monthly including interest at 7% beginning January 15, 1967, all due on October 20, 1981.

The real property securing the first trust deed note is legally described in the Inventory and Appraisement, Item No. 10 as follows:

> The southerly 50 feet of Lots 114 and 115 of the Hollywood Valley View Tract, as per map recorded in Book 10, page 192 of maps, in the office of the County Recorder of Los Angeles County, State of California.

The deed of trust was recorded on December 7, 1966 in Book T5187, page 950 of the Official Records of Los Angeles County, State of California.

(g) Service station located at 6400-6412 Lankershim Boulevard, North Hollywood, California 91606, and legally described in the Inventory and Appraisement, Item No. 12 as follows:

> Lot 1 of Tract No. 12037, in the City of Los Angeles, in the County of Los Angeles, State of California, as per map recorded in book 222, page 21 of Maps, in the office of the County Recorder of said county.

(h) One Canada Dollar Bill number F/M2458761.

(i) Two yellow metal foreign coins dated 1876 and 1883.

(j) Four items of United States Confederate Currency.

-4-

      (k)  Six miscellaneous coins.

      (l)  Thirteen items of various United States Currency.

      (m)  Eleven items of various foreign currency.

The property hereinabove described is distributed to said SECURITY PACIFIC NATIONAL BANK to hold, manage and distribute as follows:

    The net income shall be distributed in monthly or other convenient installments as follows:

    (a)  One-half thereof to or for the benefit of the testatrix' daughter, ███████, during her life.

    (b)  One-eighth thereof to or for the benefit of the testatrix' granddaughter, ███████, as follows:

      (i)  Until K███████ attains age twenty-one, said payment shall be made to her mother, NEOLA MAY RICHARDS, or to her legal guardian, or to the person with whom she resides, or directly to her, or otherwise, as the Trustee may, from time to time, deem advisable in order to most effectively provide for her care, maintenance, support and education.

    When K███████ attains age twenty-one, said payments shall be made directly to her or for her benefit.

    (c)  One-eighth thereof to or for the benefit of the testatrix' granddaughter, ███████.

    (d)  One-eighth thereof to or for the benefit of the testatrix' granddaughter, ███████.

    (e)  One-eighth thereof to or for the benefit of the testatrix' granddaughter, DONNA LINDA JOHNSON.

    Should any granddaughter herein named predecease the testatrix' daughter, ███████, then that granddaughter's share of income shall be distributed as follows:

-5-

    (a) To or for the benefit of her surviving children, if any, share and share alike.

    (b) If she has no surviving children, then to or for the benefit of the other surviving granddaughters herein named or the children of other deceased granddaughters on the principle of representation.

This trust shall cease and terminate upon the death of the testatrix' daughter, ████████████, and the Trustee shall distribute the remaining trust estate to her granddaughters, ████████████████, ████████████████, DONNA LINDA JOHNSON and ██████████████████, upon the principle of representation.

The Trustee, to carry out the purposes of this trust, and subject to any limitation stated elsewhere in this Order, is vested with the following powers, in addition to those now or hereafter conferred by law, affecting the trust and the trust estate:

    (a) To continue to hold any property, including shares of the Trustee's own stock, <u>and to operate at the risk of the trust estate any property or business received in this trust,</u> as long as it may deem advisable, the profits and losses therefrom to inure or be chargeable to the trust estate as a whole and not to the Trustee.

    (b) To manage, control, sell, convey, exchange, partition, divide, subdivide, improve, repair; to grant options and to sell upon deferred payments; to lease for terms within or extending beyond the duration of this trust for any purpose, including exploration for and removal of gas, oil and other minerals; to enter into community oil leases, pooling and unitization agreements; to create restrictions, easements and other servitudes; to compromise, arbitrate or otherwise adjust claims in favor of or against the trust; to

-6-

institute, compromise and defend actions and proceedings; to carry such insurance as the Trustee may deem advisable.

    (c) To invest and reinvest the principal, and income if the Trustee is required to accumulate it, and to purchase or acquire therewith every kind of property, real, personal or mixed, and every kind of investment, specifically including, but not by way of limitation, corporate obligations of every kind, and stocks, preferred or common, which men of prudence, discretion and intelligence acquire for their own account; to invest in any common trust fund now or hereafter established by the Trustee.

    (d) To advance funds to this trust for any trust purpose, such advances with interest at current rates to be a first lien on and to be repaid out of principal or income; to reimburse itself from principal or income for any loss or expense incurred by reason of its ownership or holding of any property in this trust.

    (e) To borrow money for any trust purpose upon such terms and conditions as the Trustee may deem proper, and to obligate the trust estate for repayment; to encumber the trust estate or any of its property by mortgage, deed of trust, pledge or otherwise, using such procedure to consummate the transaction as the Trustee may deem advisable.

    (f) To have respecting securities all the rights, powers and privileges of an owner, including the power to pay assessments and other sums deemed by the Trustee necessary for the protection of the trust estate; to participate in voting trusts, pooling agreements, foreclosures, reorganizations, consolidations mergers and liquidations, and in connection therewith to deposit securities with and transfer title to any protective or other committee under such terms as the Trustee may deem advisable; to exercise or sell stock

-7-

subscription or conversion rights, to accept and retain as an investment any securities or other property received through the exercise of any of the foregoing powers, regardless of any limitations elsewhere in this Will relative to investments by the Trustee.

(g) Upon any division or partial or final distribution of the trust estate, to partition, allot and distribute the trust estate in undivided interests or in kind, or partly in money and partly in kind, at valuations determined by the Trustee, and to sell such property as the Trustee may deem necessary to make division or distribution.

(h) To budget the estimated annual income and expenses of the trust in such manner as to equalize, as far as practicable, periodic income payments to beneficiaries.

(i) To determine what is principal or income of the trust estate and apportion and allocate in its discretion any and all receipts and expenses as between these accounts, including also the power to charge in whole or in part against principal, or to amortize out of or charge forthwith to income, premiums paid on purchase of bonds or other obligations. Except insofar as the Trustee shall exercise the discretion herein conferred, and except as otherwise provided in this Order, matters relating to principal and income shall be governed by the provisions of the Principal and Income Law from time to time existing.

(j) Unless specifically limited, all discretions conferred upon the Trustee shall be absolute, and their exercise conclusive on all persons interested in this trust. The enumeration of certain powers of the Trustee shall not limit its general or implied powers, and the Trustee, subject always to the discharge of its fiduciary obligations, is vested with and shall have all rights, powers and

-8-

The following are general provisions which apply to the trust herein created:

(a) The Trustee shall receive a reasonable compensation for its services hereunder.

(b) Income accrued or unpaid on trust property at the date of my death shall, when received into the trust, be treated as any other income. Income accrued or in the hands of the Trustee for payment to an income beneficiary at the termination of his interest or estate under this trust shall go to the beneficiaries entitled to the next succeeding interest in the proportions in which they take such interest. The Trustee shall not be required to pro-rate taxes and other current expenses to the date of termination.

(c) Until the Trustee shall receive in its trust department where this trust is being administered written notice of any birth, marriage, death, or other event upon which the right to payments from this trust may depend, the Trustee shall incur no liability to persons whose interests may have been affected by that event for disbursements made in good faith.

(d) The Trustee may apply payments for the benefit of any beneficiary, or may make payments to any beneficiary under disability to the guardian of the person of the beneficiary or to the parent of the beneficiary, if a minor. Sums necessary for support and education may be paid directly to minor beneficiaries who, in the judgment of the Trustee, have attained sufficient age and discretion to render it probable that the monies will be properly expended.

(e) The Trustee shall have the right to resign this trusteeship at any time. Upon its resignation a successor shall be appointed by a court of competent jurisdiction

-9-

1  upon petition of the resigning Trustee or of any person
2  interested in the trust.
3      (f) The Trustee may pay out of principal or income,
4  or partially out of each in such shares as it may determine,
5  property taxes, assessments, charges, attorneys' fees, the
6  Trustee's compensation and other expenses incurred in the
7  administration or protection of this trust. This discretion
8  may be exercised not only in the interest of the trust estate
9  but for the benefit of any beneficiary. The income remaining
10 after such expenditures as the Trustee shall elect to pay
11 therefrom shall constitute net income.
12     Notwithstanding any other provisions of this trust,
13 until the death of the testatrix' daughter, ▬▬▬▬▬▬▬,
14 the Trustee shall make no sale, exchange, lease or hypothecation
15 of any real or personal property included in the trust estate,
16 or any investment of trust funds without first obtaining the writ-
17 ten approval of the said ▬▬▬▬▬▬▬, if she shall be
18 competent at the time.
19
20     IT IS FURTHER ORDERED AND ADJUDGED that the requirement
21 of a bond from the distributee above named is dispensed with.
22
23     DATED: August 7, 1975.
24
25                              DAVID N. EAGLESON
26                                   Judge
                                 DAVID N. EAGLESON
27                         THE DOCUMENT TO WHICH THIS CERTIFICATE IS AT-
                           TACHED IS A FULL, TRUE AND CORRECT COPY OF THE
                           ORIGINAL ON FILE AND OF RECORD IN MY OFFICE.
28                         SAME HAVING BEEN FILED  Aug 7, 1975
29                         AND ENTERED  AUG 12 1975
                           DECREE BOOK  2139         PAGE 399
30                         ATTEST  AUG 12 1975           19
31                         CLARENCE E. CABELL   County Clerk and Clerk of the
                                                Superior Court of California,
                                                County of Los Angeles.
32                         BY ▬▬▬▬▬▬▬ DEPUTY

-10-