UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re | ) Chapter 7, No. 09-30152-HJB |
| | ) |
| DONNA L. COOPER | ) |
| | ) |
| Debtor | ) |
| | ) |

## MOTION FOR AN ORDER APPROVING BIDDING PROCEDURES AND BREAKUP FEE

To the HONORABLE HENRY J. BOROFF, Bankruptcy Judge:

Now comes JOSEPH B. COLLINS ("Trustee"), Trustee in Bankruptcy of Donna L. Cooper ("Debtor") and, pursuant to Massachusetts Local Bankruptcy Rule 6004-1(c)(2), hereby moves this Honorable Court for an Order approving certain procedures to govern any competitive bidding on the proposed sale of property of the Bankruptcy Estate and approving a Breakup Fee protecting the initial proposed purchaser of such property. In support of this Motion, the Trustee respectfully represents as follows:

1.    On February 8, 2009, the Debtor filed a Voluntary Petition pursuant to the provisions of Chapter 7 of the U.S. Bankruptcy Code with the United States Bankruptcy Court for the District of Massachusetts ("Court").

2.    On February 9, 2009, the Trustee accepted an appointment as Chapter 7 Trustee of the Debtor's Bankruptcy Estate and continues to serve in such capacity.

3.   The Trustee's investigation of the Debtor's financial affairs revealed that she is a beneficiary of the Naola Fuqua Sprang Trust ("Sprang Trust"), the principal asset of which is a parcel of commercial real estate located at 6400-6412 Lankershim Boulevard, North Hollywood, California.

4.   The relevant terms of the Sprang Trust may be summarized as follows:

(a)   The Debtor is entitled to receive one-eighth (1/8) of the income generated by the Sprang Trust until the death of her mother.

(b)   Upon the death of the Debtor's mother, the Sprang Trust is to terminate, and the Debtor is to receive one-quarter (1/4) of the proceeds from the liquidation of the trust estate.

5.   The Trustee says that the Debtor's interest in the Sprang Trust is property of the Debtor's Bankruptcy Estate.

6.   Upon information and belief, the Bankruptcy Estate's interest in the Sprang Trust is unencumbered.

7.   The Trustee has negotiated an Agreement ("Agreement") with Abdenour Achab of 1000 Sibley Street, Apartment 23, Folsom, California 95630 ("Mr. Achab") to sell the Bankruptcy Estate's interest in the Sprang Trust for the purchase price of $50,000.00 ("Purchase Price").   A copy of the Agreement is annexed hereto as Exhibit "A".   The Agreement includes, as an Exhibit thereto, a redacted copy of the Sprang Trust Instrument.

8.    The Trustee has received a deposit of $5,000.00 pursuant to the Agreement.

9.    The Trustee proposes the following procedures that will govern the proposed sale and any competitive bidding:

(a)   Pursuant to Paragraph 3 of the Agreement, the Trustee proposes that a minimum increase of $2,500.00, representing 5% of the Purchase Price, be required for any bid exceeding the Purchase Price ("Minimum Overbid").

(b)   Also pursuant to Paragraph 3 of the Agreement, the Trustee proposes that any bid must be accompanied by a deposit of $5,000.00 in the form of a certified check payable to the order of the Trustee or other immediately available funds.

(c)   Pursuant to Paragraph 4 of the Agreement, the Trustee proposes that in the event Mr. Achab is not the successful bidder for the purchase of the Bankruptcy Estate's interest in the Sprang Trust, Mr. Achab shall receive a Breakup Fee of $2,500.00, representing 5% of the Purchase Price ("Breakup Fee").  The proposed Breakup Fee shall be paid on a first priority basis from the proceeds of the sale of the Bankruptcy Estate's interest in the Sprang Trust.

(d)   Pursuant to Paragraph 6 of the Agreement and in light of Mr. Achab's location in California, the Trustee requests that Mr. Achab be permitted to appear telephonically at any hearings relating to the sale of the Bankruptcy Estate's interest in the Sprang Trust.

10.  Upon information and belief, Mr. Achab has expended significant time and effort conducting due diligence relating to the Sprang Trust and preparing an offer to purchase the Estate's interest in the Sprang Trust.  Except to the extent of the Breakup Fee, these expenditures are not otherwise compensable if Mr. Achab is not the successful bidder for the Estate's interest in the Sprang Trust.

11.  The Trustee says that the Breakup Fee and Minimum Overbid are reasonable and necessary to induce Mr. Achab to consummate the proposed transaction.

WHEREFORE, the Trustee respectfully requests the entry of an Order approving the proposed bidding procedures and Breakup Fee, all as more fully set forth herein, and providing such other and further relief as the Court deems just and proper.

JOSEPH B. COLLINS, TRUSTEE
IN BANKRUPTCY OF
DONNA L. COOPER

Dated:  February 25, 2010

By: /s/ Spencer A. Stone
SPENCER A. STONE, ESQ.
(BBO No. 674548)
For HENDEL & COLLINS, P.C.
101 State Street
Springfield, MA 01103
Tel. (413) 734-6411
sstone@hendelcollins.com



EXHIBIT

A

**AGREEMENT**

This Agreement ("Agreement") is entered into this 23ʳᵈ day of February, 2010, between JOSEPH B. COLLINS as Chapter 7 Trustee of Donna L. Cooper, with a principal place of business c/o Hendel & Collins, P.C., 101 State Street, Springfield, Massachusetts 01103 ("Seller") and ABDENOUR ACHAB, an individual residing at 1000 Sibley Street, Apartment 23, Folsom, California 95630 or his nominee ("Buyer"), for the sale of a certain asset of DONNA L. COOPER f/k/a DONNA LINDA JOHNSON ("Debtor").

W I T N E S S E T H :

WHEREAS, on February 8, 2009, the Debtor filed a Voluntary Petition pursuant to the provisions of Chapter 7 of the United States Bankruptcy Code with the United States Bankruptcy Court for the District of Massachusetts ("Bankruptcy Court"), styled In re Donna L. Cooper, Docket Number 09-30152-HJB ("Case");

WHEREAS, the Seller is the duly appointed, acting, and qualified Trustee in Bankruptcy of the Debtor's Bankruptcy Estate;

WHEREAS, as a result of the Seller's appointment as Trustee in Bankruptcy of the Debtor's Bankruptcy Estate, the Seller has an interest in Neola Fuqua Sprang Trust ("Property"), which interest is described in the Order of the Superior Court of the State of California for the County of Los Angeles, In the Matter of the Estate of Neola Fuqua Sprang, Docket Number 604 562 ("Trust Instrument"), as the interest belonging to Donna Linda Johnson; a redacted copy of said Order is annexed hereto as Exhibit "A";

WHEREAS, the trustee of the Property is U.S. Trust, Bank of America Private Wealth Management, operating through Bank of America, N.A. ("U.S. Trust"), and the Property has been assigned an account number of ▮▮▮▮▮▮▮▮▮ and

WHEREAS, the Seller wishes to sell and the Buyer wishes to buy the Seller's interest in the Property in accordance with the terms and conditions set forth herein;

NOW, THEREFORE, in consideration of the mutual covenants herein contained, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Buyer and Seller hereby agree as follows:

A.A.

1.   Property to be Acquired.  Subject to the terms and conditions of this Agreement, the Buyer shall acquire all of the Seller's right, title, and interest in and to the Property. Also included in the Property to be purchased pursuant to this Agreement are any payments received after March 1, 2010 by the Seller from U.S. Trust on account of the Seller's interest in the Property.  Such payments shall be applied to the Purchase Price as set forth in Paragraph 2 of this Agreement.

2.   Purchase Price.  The purchase price that the Buyer agrees to pay to the Seller is FIFTY THOUSAND AND 00/100 ($50,000.00) DOLLARS ("Purchase Price").  The Purchase Price is payable as follows:

     a.   A deposit of FIVE THOUSAND AND 00/100 ($5,000.00) DOLLARS ("Deposit") is being delivered contemporaneously with the execution of this Agreement; and

     b.   The sum of FORTY-FIVE THOUSAND AND 00/100 ($45,000.00) DOLLARS ("Balance") will be paid to the Seller in cash, by certified or bank check, or by wire transfer within ten (10) days after the Order of the Bankruptcy Court approving this sale has become final and non-appealable ("Closing").  Any payments received by the Seller from U.S. Trust on or after March 1, 2010, on account of the Seller's interest in the Property shall be applied toward the Balance at Closing.

3.   Bidding Procedures.  All higher offers from third parties must exceed the Purchase Price by at least TWO THOUSAND FIVE HUNDRED AND 00/100 ($2,500.00) DOLLARS and be accompanied by a deposit in the amount of FIVE THOUSAND AND 00/100 ($5,000.00) DOLLARS in the form of cash, certified or bank check, or wire transfer in order to be considered.

4.   Breakup Fee.  In the event that the Buyer is not the successful bidder, the Buyer shall receive a Break-Up Fee equal to five percent (5%) of the Purchase Price.  The Seller shall pay the Break-Up Fee to the Buyer within seven (7) days of the receipt of the funds representing the proceeds the sale of the Property on a first priority basis from such proceeds.

5.   Bankruptcy Court Approval.  The terms of this Agreement and the sale contemplated hereby are subject to the approval of the Bankruptcy Court in the Case.  Upon execution of

A.A.

this Agreement and receipt of the Deposit, Seller will file a
motion with the Bankruptcy Court pursuant to Massachusetts Local
Bankruptcy Rule 6004-1(c)(2), seeking approval of the Bidding
Procedures and Breakup Fee set forth in Paragraphs 3 and 4
above("Breakup Fee Motion").  Upon approval of the Breakup Fee
Motion, the Seller will file a motion with the Bankruptcy Court
seeking approval of this Agreement ("Motion to Sell").  The
Buyer acknowledges that the Seller is required to solicit higher
counteroffers for the Property in conjunction with the Motion to
Sell pursuant to Massachusetts Local Bankruptcy Rule 6004-1.

6.   Attendance at Hearing.  The Seller shall seek approval
from the Bankruptcy Court to permit the Buyer to appear
telephonically at any hearing on the Motion to Sell.
Alternatively, the Trustee shall make reasonable efforts to
ensure that any hearing on the Motion to Sell shall be on a date
agreeable to the Buyer and not earlier than March 15, 2010.

7.   Bankruptcy Court Order.  The Order of the Bankruptcy
Court approving the sale contemplated herein shall contain the
following:

a.   A finding that the Buyer is a good-faith
purchaser and that the transaction contemplated by this
Agreement is an arms-length transaction.

b.   An Authorization allowing the Trustee to execute
any and all documents required to fully consummate the sale
and transfer of the Property, whether such documents are
now known or become known or necessary in the future; and

c.   An Order directing U.S. Trust to make any and all
payments, and distributions in kind, on account of
interests in the Property otherwise due to the Debtor's
Bankruptcy Estate, to the Buyer.

A copy of the proposed Order that the Seller shall submit to the
Bankruptcy Court is annexed hereto as Exhibit "B".

8.   Deposit.  If the Buyer is approved as the purchaser of
the Property, but fails to complete the sale contemplated by
this Agreement, the Deposit will be forfeited.  If the Buyer is
not approved as a purchaser by the Bankruptcy Court, the Buyer's
Deposit will be refunded within seven (7) days after the
occurrence of any of the following:

A.A.

a.   Receipt of funds for the purchase of the Property from any third party;

b.   Entry of an Order by the Bankruptcy Court denying the Motion to Sell; or

c.   Upon written request made by the Seller after 4:30 p.m. on May 31, 2010 if the Bankruptcy Court has not, by that time, entered an Order approving either the Motion to Sell or the Breakup Fee Motion.

9.   Closing.  At the Closing, the Seller shall provide to the Buyer, at the Seller's expense, the following:

a.   A Bill of Sale for the Seller's interest in the Property;

b.   A copy of notification to U.S. Trust indicating that the Debtor's interest in the Property is to be transferred to the Buyer under the authority of the Bankruptcy Court;

c.   Copies of all documents in the possession of the Seller or the Seller's counsel relating to the Property; and

d.   A copy of the Order of the Bankruptcy Court approving the sale contemplated by this Agreement.

10.   Property Sold As Is.  The Buyer acknowledges that Seller makes no warranty or representation concerning the Property, which is being sold in "as is" condition.  The Buyer further specifically acknowledges that the Seller and the Seller's counsel have made no warranties or representations concerning the interpretation, construction, application, applicability, or enforceability of the Trust Instrument.

11.   Time of the Essence.  Time is of the essence for the performance of this Agreement.

12.   Construction, Venue, and Jurisdiction.  This Agreement shall be governed by, construed in accordance with, and enforced under the United States Bankruptcy Code or under the laws of the Commonwealth of Massachusetts.  The Bankruptcy Court shall have jurisdiction to consider all issues arising from or relating to this Agreement.

A.A.

13. <u>Broker</u>.  The Buyer and Seller each hereby represent and warrant to each other that no broker or agent has been engaged with regard to the sale of the Property contemplated hereby.

14. <u>No Financing or Inspection Contingencies</u>.  The Buyer's obligations hereunder are not subject to any financing or inspection contingencies.

15. <u>Entire Agreement</u>.  This Agreement may not be amended or modified in any respect whatsoever except by an instrument in writing signed by the parties hereto.  This Agreement constitutes the entire agreement between the parties hereto with respect to the subject matter hereof, and supersedes all prior negotiations, discussions, writings, and agreements between them.  Each party to this Agreement hereby acknowledges and agrees that the other party has made no warranty, representations, covenants, or agreements, expressed or implied, other than those expressly set forth herein, and that each party, in entering into and executing this Agreement has relied upon no warranties, representations, covenants, or agreements, expressed or implied, other than those expressly set forth herein.  The Exhibits annexed to this Agreement are a part of this Agreement and incorporated herein.  Each party participated equally in the drafting of this Agreement and no term or provision of this Agreement may be construed against either party as the sole or primary drafter of this Agreement.  Each party has had the opportunity to consult with legal counsel concerning this Agreement prior to its execution.

16. <u>Successors</u>.  All terms of this Agreement shall be binding upon, inure to the benefit of, and be enforceable by the successors and assigns of the parties hereto.

17. <u>Captions</u>.  The captions of this Agreement are for convenience of reference only and shall not define or limit any of the terms or provisions hereof.

18. <u>Counterparts and Signatures</u>.  This Agreement may be executed in any number of counterparts, each of which shall be considered an original, but such counterparts shall together constitute but one and the same instrument.  Facsimile or scanned signatures shall be considered as valid as originals.

5 of 6

A.A.

IN WITNESS WHEREOF, the undersigned have executed this
Agreement the day first herein above written.


Seller:


_____          _____
Witness                             JOSEPH B. COLLINS,
                                    AS TRUSTEE IN BANKRUPTCY OF
                                    DONNA L. COOPER,
                                    AND NOT INDIVIDUALLY


                                    Buyer:


_____          _____
Witness                             ABDENOUR ACHAB
Maryam Bahrami

EXHIBIT "A"


Documents file
01-2-13114-0


LAW OFFICES

Attorney for    Petitioner

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

In the Matter of the Estate of

NEOLA FUQUA SPRING,

Deceased.

NO.   P 604 562

ORDER SETTLING FIRST ACCOUNT CUR-
RENT OF EXECUTOR, APPROVING SALE
OF DEPRECIATING PERSONAL PROPERTY,
FOR PARTIAL ALLOWANCE OF STATUTORY
FEES AND COMMISSIONS AND FOR
PRELIMINARY DISTRIBUTION

The First Account Current of Executor and Petition for
Its Settlement, Petition for Approval of Sale of Depreciating
Personal Property, for Partial Allowance of Statutory Fees and
Commissions and for Preliminary Distribution of SECURITY PACIFIC
NATIONAL BANK, a national banking association, as Executor of the
Will of the above-named decedent, came on regularly to be heard
in Department 11 of the above-entitled Court, the HONORABLE DAVID
N. EAGLESON, Judge presiding, on July 23, 1975.

1. Due and legal notice of the hearing of the petition
and of the settlement of the account has been regularly given for
the period and in the manner required by law.

2. The account and report of the Executor is full,
true and correct, and all the allegations of the petition for its
settlement are true.

///

A. A.



3. The account should be settled, allowed and approved as filed and all the acts and transactions of the Executor relating to the matters set forth in it should be ratified, confirmed and approved.

4. Notice to creditors has been published for the period and in the manner prescribed by law. Within thirty days after completion of publication of notice to creditors there was filed with the Clerk of this Court an affidavit showing due publication of notice to creditors in the manner and form required by law.

5. More than six months have elapsed since the issuance of Letters Testamentary in this estate and since the first publication of notice to creditors, and the time for filing or presenting claims has expired.

6. All claims against the estate have been paid.

7. The estate is but little indebted.

8. The California Inheritance Tax has not yet been determined by this Court, but the sum of $5,000.00 has been paid on account of the tax, as evidenced by the receipt of the Treasurer of the County of Los Angeles, State of California on file herein. The written consent of the State Controller has been given to the distribution hereafter made.

9. A Federal Estate Tax Return has been filed for this estate and the tax there shown to be due has been paid. The return has not yet been audited.

10. The sale of the United States $5.00 Silver Certificate and the sale of $10.00 United States Currency to ███████ ████████ for the sum of $18.00 cash was legally made, fairly conducted and for the best interest, advantage and benefit of the estate and those interested therein. Said sale should be approved as a sale of depreciating personal property.

///

-2-

A. A.

11.  Although the estate is not now in a condition to be closed, there may be distributed at this time, without loss to the creditors or injury to the estate or any person interested in it, the property described below in accordance with the decedent's Will.

12.  The distribution may be made without requiring the distributee here named to execute a bond payable to the Executor.

IT IS ORDERED AND ADJUDGED that:

1.  The first account of SECURITY PACIFIC NATIONAL BANK, a national banking association, as Executor of the Will of the above-named decedent is settled, allowed and approved as filed, and all acts and transactions relating to the matters in that account and report set forth are ratified, confirmed and approved;

2.  There is allowed to █████████████ attorney for the Executor, the sum of $5,000.00 on account of his statutory fees;

3.  There is allowed to SECURITY PACIFIC NATIONAL BANK, a national banking association, as Executor of the Will of the above-named decedent, the sum of $5,000.00 on account of its statutory compensation;

4.  The sale of the depreciating property is approved;

5.  There is hereby distributed to SECURITY PACIFIC NATIONAL BANK, a national banking association, in trust, the following described property;

(a)  Cash in the amount of $40,000.00, of which $18,696.19 thereof is distributable to said Trustee as income cash.  (Pursuant to Probate Code §162.5 the net income during probate to April 3, 1975, the ending date of the First Account Current, is $18,696.19.)

(b)  150 shares of Amerada Hess Corporation, $3.50 cumulative preferred stock, $1.00 par.

-3-

A. A.

(c)  67 shares of Bankamerica Corporation.

(d)  300 shares of Citicorp.

(e)  1,500 shares of Union Oil Company of California.

(f)  $36,000.00 first trust deed note by Rosa Rehr dated October 20, 1966, payable at $280.00 or more monthly including interest at 7% beginning January 15, 1967, all due on October 20, 1981.

The real property securing the first trust deed note is legally described in the Inventory and Appraisement, Item No. 10 as follows:

The southerly 50 feet of Lots 114 and 115 of the Hollywood Valley View Tract, as per map recorded in Book 10, page 192 of maps, in the office of the County Recorder of Los Angeles County, State of California.

The deed of trust was recorded on December 7, 1966 in Book T5187, page 950 of the Official Records of Los Angeles County, State of California.

(g)  Service station located at 6400-6412 Lankershim Boulevard, North Hollywood, California 91606, and legally described in the Inventory and Appraisement, Item No. 12 as follows:

Lot 1 of Tract No. 12037, in the City of Los Angeles, in the County of Los Angeles, State of California, as per map recorded in book 222, page 21 of Maps, in the office of the County Recorder of said county.

(h)  One Canada Dollar Bill number F/M2458761.

(i)  Two yellow metal foreign coins dated 1876 and 1883.

(j)  Four items of United States Confederate Currency.

-4-

A. A.

(k)  Six miscellaneous coins.

(l)  Thirteen items of various United States Currency.

(m)  Eleven items of various foreign currency.

The property hereinabove described is distributed to said SECURITY PACIFIC NATIONAL BANK to hold, manage and distribute as follows:

The net income shall be distributed in monthly or other convenient installments as follows:

(a)  One-half thereof to or for the benefit of the testatrix' ███████████████████, during her life.

(b)  One-eighth thereof to or for the benefit of the testatrix' ███████████████████, as follows:

(i)  Until ███████████████ attains age twenty-one, said payment shall be made to her mother, ███████████████ or to her legal guardian, or to the person with whom she resides, or directly to her, or otherwise, as the Trustee may, from time to time, deem advisable in order to most effectively provide for her care, maintenance, support and education.

When ███████████████ attains age twenty-one, said payments shall be made directly to her or for her benefit.

(c)  One-eighth thereof to or for the benefit of the testatrix' ███████████████

(d)  One-eighth thereof to or for the benefit of the testatrix' ███████████

(e)  One-eighth thereof to or for the benefit of the testatrix' granddaughter, DONNA LINDA JOHNSON.

Should any granddaughter herein named predecease the testatrix' ███████████████████ then that granddaughter's share of income shall be distributed as follows:

-5-

A.A.

(a) To or for the benefit of her surviving children, if any, share and share alike.

(b) If she has no surviving children, then to or for the benefit of the other surviving granddaughters herein named or the children of other deceased granddaughters on the principle of representation.

This trust shall cease and terminate upon the death of the testatrix' ██████████████████ and the Trustee shall distribute the remaining trust estate to her granddaughters, ███████████████████████████████████ DONNA LINDA JOHNSON and ████████████████████ upon the principle of representation.

The Trustee, to carry out the purposes of this trust, and subject to any limitation stated elsewhere in this Order, is vested with the following powers, in addition to those now or hereafter conferred by law, affecting the trust and the trust estate:

(a) To continue to hold any property, including shares of the Trustee's own stock, and to operate at the risk of the trust estate any property or business received in this trust, as long as it may deem advisable, the profits and losses therefrom to inure or be chargeable to the trust estate as a whole and not to the Trustee.

(b) To manage, control, sell, convey, exchange, partition, divide, subdivide, improve, repair; to grant options and to sell upon deferred payments; to lease for terms within or extending beyond the duration of this trust for any purpose, including exploration for and removal of gas, oil and other minerals; to enter into community oil leases, pooling and unitization agreements; to create restrictions, easements and other servitudes; to compromise, arbitrate or otherwise adjust claims in favor of or against the trust; to

-6-

A.A.

institute, compromise and defend actions and proceedings; to carry such insurance as the Trustee may deem advisable.

(c) To invest and reinvest the principal, and income if the Trustee is required to accumulate it, and to purchase or acquire therewith every kind of property, real, personal or mixed, and every kind of investment, specifically including, but not by way of limitation, corporate obligations of every kind, and stocks, preferred or common, which men of prudence, discretion and intelligence acquire for their own account; to invest in any common trust fund now or hereafter established by the Trustee.

(d) To advance funds to this trust for any trust purpose, such advances with interest at current rates to be a first lien on and to be repaid out of principal or income; to reimburse itself from principal or income for any loss or expense incurred by reason of its ownership or holding of any property in this trust.

(e) To borrow money for any trust purpose upon such terms and conditions as the Trustee may deem proper, and to obligate the trust estate for repayment; to encumber the trust estate or any of its property by mortgage, deed of trust, pledge or otherwise; using such procedure to consummate the transaction as the Trustee may deem advisable.

(f) To have respecting securities all the rights, powers and privileges of an owner, including the power to pay assessments and other sums deemed by the Trustee necessary for the protection of the trust estate; to participate in voting trusts, pooling agreements, foreclosures, reorganizations, consolidations mergers and liquidations, and in connection therewith to deposit securities with and transfer title to any protective or other committee under such terms as the Trustee may deem advisable; to exercise or sell stock

-7-

A.A.

subscription or conversion rights, to accept and retain as
an investment any securities or other property received
through the exercise of any of the foregoing powers, regard-
less of any limitations elsewhere in this Will relative to
investments by the Trustee.

(g)  Upon any division or partial or final distribu-
tion of the trust estate, to partition, allot and distribute
the trust estate in undivided interests or in kind, or
partly in money and partly in kind, at valuations determined
by the Trustee, and to sell such property as the Trustee may
deem necessary to make division or distribution.

(h)  To budget the estimated annual income and
expenses of the trust in such manner as to equalize, as far
as practicable, periodic income payments to beneficiaries.

(i)  To determine what is principal or income of
the trust estate and apportion and allocate in its discre-
tion any and all receipts and expenses as between these
accounts, including also the power to charge in whole or in
part against principal, or to amortize out of or charge
forthwith to income, premiums paid on purchase of bonds or
other obligations.  Except insofar as the Trustee shall
exercise the discretion herein conferred, and except as
otherwise provided in this Order, matters relating to prin-
cipal and income shall be governed by the provisions of the
Principal and Income Law from time to time existing.

(j)  Unless specifically limited, all discretions
conferred upon the Trustee shall be absolute, and their
exercise conclusive on all persons interested in this trust.
The enumeration of certain powers of the Trustee shall not
limit its general or implied powers, and the Trustee, sub-
ject always to the discharge of its fiduciary obligations,
is vested with and shall have all rights, powers and

-8-

A A

The following are general provisions which apply
to the trust herein created:

(a)  The Trustee shall receive a reasonable com-
pensation for its services hereunder.

(b)  Income accrued or unpaid on trust property at
the date of my death shall, when received into the trust,
be treated as any other income.  Income accrued or in the
hands of the Trustee for payment to an income beneficiary
at the termination of his interest or estate under this
trust shall go to the beneficiaries entitled to the next
succeeding interest in the proportions in which they take
such interest.  The Trustee shall not be required to pro-
rate taxes and other current expenses to the date of termina-
tion.

(c)  Until the Trustee shall receive in its trust
department where this trust is being administered written
notice of any birth, marriage, death, or other event upon
which the right to payments from this trust may depend, the
Trustee shall incur no liability to persons whose interests
may have been affected by that event for disbursements made
in good faith.

(d)  The Trustee may apply payments for the benefit
of any beneficiary, or may make payments to any beneficiary
under disability to the guardian of the person of the bene-
ficiary or to the parent of the beneficiary, if a minor.
Sums necessary for support and education may be paid directly
to minor beneficiaries who, in the judgment of the Trustee,
have attained sufficient age and discretion to render it
probable that the monies will be properly expended.

(e)  The Trustee shall have the right to resign
this trusteeship at any time.  Upon its resignation a suc-
cessor shall be appointed by a court of competent jurisdiction

-9-

A. A.

upon petition of the resigning Trustee or of any person
interested in the trust.

(f)  The Trustee may pay out of principal or income,
or partially out of each in such shares as it may determine,
property taxes, assessments, charges, attorneys' fees, the
Trustee's compensation and other expenses incurred in the
administration or protection of this trust.  This discretion
may be exercised not only in the interest of the trust estate
but for the benefit of any beneficiary.  The income remaining
after such expenditures as the Trustee shall elect to pay
therefrom shall constitute net income.

Notwithstanding any other provisions of this trust,
until the death of the testatrix' ████████████████████
the Trustee shall make no sale, exchange, lease or hypothecation
of any real or personal property included in the trust estate,
or any investment of trust funds without first obtaining the writ-
ten approval of the said ███████████████ or she shall be
competent at the time.

IT IS FURTHER ORDERED AND ADJUDGED that the requirement
of a bond from the distributee above named is dispensed with.

DATED:  August 7, 1975.

DAVID N. EAGLESON
Judge

DAVID N. EAGLESON
THE DOCUMENT TO WHICH THIS CERTIFICATE IS AT-
TACHED IS A FULL, TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE AND OF RECORD IN MY OFFICE.
SAME HAVING BEEN FILED ___Aug 7, 1975___
AND ENTERED __AUG 12 1975__
DECREE BOOK _2139_ PAGE _399_
ATTEST __AUG 12 1975__ 19__
CLARENCE E. CABELL  County Clerk and Clerk of the
Superior Court of California,
County of Los Angeles
BY _V. _____ DEPUTY

-10-

A.A.

EXHIBIT "B"

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re | ) Chapter 7, No. 09-30152-HJB |
| | ) |
| DONNA L. COOPER | ) |
| | ) |
| Debtor | ) |
| | ) |

### ORDER ON MOTION FOR AUTHORITY TO SELL
### PROPERTY OF THE BANKRUPTCY ESTATE BY PRIVATE SALE

At Springfield, in said District on this       day of          ,
2010.

    Upon consideration of the Trustee's Motion for Authority to
Sell Property of the Bankruptcy Estate by Private Sale
(hereinafter "Motion"), after notice and hearing, and for good
cause shown, it is hereby

    FOUND that ABDENOUR ACHAB of 1000 Sibley Street, Apartment
23, Folsom, California 95630 (hereinafter "Buyer") is an arms-
length purchaser and that the transaction contemplated by this
Order shall be deemed to have been made in good faith; and it is
further

    ORDERED that the Motion be, and hereby is, granted; and it
is further

    ORDERED that JOSEPH B. COLLINS, TRUSTEE IN BANKRUPTCY OF
DONNA L. COOPER f/k/a DONNA LINDA JOHNSON (hereinafter
"Trustee") is authorized to sell to the Buyer the Bankruptcy
Estate's interest in the Neola Fuqua Sprang Trust (hereinafter
"Property"), which interest is described in the Order of the

A.A.

Superior Court of the State of California for the County of Los
Angeles, In the Matter of the Estate of Neola Fuqua Sprang,
Docket Number 604 562, as the interest belonging to Donna Linda
Johnson; and it is further

ORDERED that the Trustee is hereby authorized to prepare,
execute, and deliver any and all documents, including, without
limitation, bills of sale, and to perform any and all acts
necessary to sell the Property as authorized herein, whether
such documents and acts are now known or become known or
necessary in the future; and it is further

ORDERED that the Property be sold free and clear of liens,
claims, and encumbrances, with any perfected, enforceable valid
liens attaching to the proceeds of the sale according to
priorities established under applicable law; and it is further

ORDERED that the Trustee of the Property, U.S. TRUST, BANK
OF AMERICA PRIVATE WEALTH MANAGEMENT, operating through BANK OF
AMERICA, N.A., shall make all payments, and distributions in
kind, on account of interests in the Property otherwise due to
the Bankruptcy Estate of DONNA L. COOPER f/k/a DONNA LINDA
JOHNSON, to the Buyer.


_____
HONORABLE HENRY J. BOROFF
Bankruptcy Judge

2                           A.A.

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re | ) Chapter 7, No. 09-30152-HJB |
| | ) |
| DONNA L. COOPER | ) |
| | ) |
| Debtor | ) |
| | ) |

## CERTIFICATE OF SERVICE

I, SPENCER A. STONE, ESQ. of the law firm of HENDEL &
COLLINS, P.C., 101 State Street, Springfield, Massachusetts, do
hereby certify that on the 25th day of February, 2010, I
electronically filed the Motion for an Order Approving Bidding
Procedures and Breakup Fee.  I further hereby certify that upon
receipt of the Notice of electronic service of this Motion, a
copy of said Motion will be served by first class mail, postage
prepaid, to any of the parties listed on the attached Exhibit
"A" not noted as having received electronic service, said
service being made this 25th day of February, 2010.

/s/ Spencer A. Stone
SPENCER A. STONE, ESQ.
(BBO No. 674548)
For HENDEL & COLLINS, P.C.
101 State Street
Springfield, MA 01103
Tel. (413) 734-6411
sstone@hendelcollins.com

EXHIBIT "A"

ADVANTA BANK CORP.
C/O Becket and Lee LLP
P.O. Box 3001
Malvern, PA 19355-0701

Plaintiffs successors
and assigns as assignee of
Citibank
c/o Resurgent Capital
Services
P.O. Box 19008
Greenville, SC 29602

ADVANTA BANK CORP.
P.O Box 3001
Malvern, PA 19355-0701

SEARS CREDIT CARDS
P.O. Box 183081
Columbus, OH 43218

CAPITAL ONE
P.O. Box 70884
Charlotte, NC 28272

SEARS CREDIT CARDS
P.O. Box 182156
Columbus, OH 43218

FIRST EQUITY CARD CORP.
P.O. Box 23029
Columbus, GA 31902

DAVID L. BRUNELLE, ESQ.
Law Office of David
Brunelle, P.C.
318 Newton Street
South Hadley, MA 01075

FIRST NATIONAL BANK OMAHA
Visa Card
P.O. Box 2818
Omaha, NE 68103

DONNA L. COOPER
P.O. Box 85
Chicopee, MA 01014

FIRST NATIONAL BANK OF
OMAHA
1620 Dodge Street
Stop Code 3105
Omaha, NE

RICHARD KING
Office of the U.S. Trustee
446 Main Street
14th Floor
Worcester, MA 01608

MACY'S
P.O. Box 689195
Des Moines, IA 50368

ABDENOUR ACHAB
1000 Sibley Street
Apt. 23
Folsom, CA 95630